UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **RICKY CARTHAN** | **CIVIL ACTION NO. 2:10-cv-0617** |
| **LA. DOC #90493** | **SECTION P** |
| **VS.** | **JUDGE MINALDI** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Ricky Carthan filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on April 9, 2010. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. Petitioner attacks his felony conviction, his adjudication as a habitual offender, and the life sentence imposed by the Thirty-Sixth Judicial District Court, Beauregard Parish, in the matter docketed in that court under Docket No. CR-98-196.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A).

### *Background*

The factual and chronological background of this case is set forth in a Report and Recommendation filed on February 3, 2009, in the matter entitled *Ricky Carthan, Sr. vs. Warden*

*Burl Cain*, Civil Action No. 2:08-cv-1821, at doc. 4. That Report observed that Mr. Carthan had previously sought federal *habeas corpus* review of the same Beauregard Parish conviction (No. CR 98-196) in a civil action entitled *Ricky Carthan, Sr. vs. Burl Cain, Warden*, Civil Action No. 2:04-cv-1625, which was dismissed with prejudice as time-barred under the provisions of 28 U.S.C. § 2244(d). The Report in No. 2:08-cv-1821 recommended transfer of Mr. Carthan's November 20, 2008, petition for *habeas corpus* because the petition was second and successive and petitioner failed to obtain the permission of the United States Fifth Circuit Court of Appeals before filing the suit. On March 9, 2009, United States District Judge James T. Trimble, Jr. adopted the Report and Recommendation and ordered the petition transferred. *See* 2:08-cv-1821, doc. 6. The petition was then transferred and on June 3, 2009, the Fifth Circuit denied Mr. Carthan permission to file a second and successive *habeas*. *See In re Carthan*, No. 09-30155 – posted in Civil Action No. 2:08-cv-1821, at doc. 7.

The instant petition attacks the same conviction, adjudication, and sentence that petitioner previously attacked in Civil Actions Nos. 2:04-cv-1625 and No. 2:08-cv-1821. It is successive and this court does not have jurisdiction to consider petitioner's claims until such time as the Fifth Circuit authorizes him to file another *habeas* petition.

**PETITIONER MUST NOW BE AWARE OF THE PROVISIONS OF 28 U.S.C. § 2244(b)(3). HE IS HEREBY CAUTIONED – SHOULD HE CONTINUE TO FILE SUCCESSIVE AND ABUSIVE PETITIONS IN THIS COURT, HE WILL INVITE THE IMPOSITION OF SANCTIONS.**

Therefore, **IT IS RECOMMENDED** that petitioner Ricky Carthan's successive Application for Writ of *Habeas Corpus* be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(b)(3) for further proceedings by that

Court.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED R. CIV. PROC. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir.1996).

THUS DONE this 24th day of May, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE